UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
EILEEN CASINO,

                    Plaintiff,

-against-

STONYBROOK [sic] UNIVERSITY MEDICAL
CENTER, WOODHAVEN NURSING HOME, and
BRIAN CASSIDY, Law Guardian,

                    Defendants.
------------------------------------------------------------X

**ORDER**
13-CV-6357 (SJF)(GRB)

**FILED**
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JAN 27 2014   ★

**LONG ISLAND OFFICE**

FEUERSTEIN, District Judge:

On October 28, 2013, *pro se* plaintiff Eileen Casino ("plaintiff")[1] filed, *inter alia*, a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Section 1983") against defendants Stony Brook University Medical Center; Woodhaven Nursing Home ("Woodhaven"); and Brian Cassidy ("Cassidy"), law guardian, accompanied by an application to proceed *in forma pauperis*. Since plaintiff's financial status, as set forth in her declaration in support of her application to proceed *in forma pauperis*, qualifies her to commence this action without prepayment of the filing fees, see 28 U.S.C. § 1915(a)(1), her application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, the Complaint is *sua sponte* dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] The handwritten complaint is unsigned but indicates that it is "From: Eileen Casino" "Re: Donato J. Casino." (Complaint ["Compl."] at 1). Although the application to proceed *in forma pauperis* designates both Eileen Casino and Donato Casino ("Mr. Casino") as *pro se* plaintiffs in this case, it is only signed by Eileen Casino. Since "[a] person who has not been admitted to the practice of law may not represent anybody other than himself," Guest v. Hansen, 603 F.3d 15, 20 (2d Cir. 2010); see 28 U.S.C. § 1654, any claims asserted by Eileen Casino on behalf of Mr. Casino are dismissed without prejudice.

1

I. The First Casino Action

On September 11, 2013, plaintiff filed in this Court, *inter alia*, a complaint pursuant to Section 1983 against Cassidy and "Mr. Rohl, as owner/admin,"[2] among others, alleging violations of Mr. Casino's civil rights relating to his treatment and care in an unidentified nursing home and to court proceedings in which Cassidy acted as his law guardian, which was assigned docket number 13-cv-5095 ("the first action"). By Order dated November 8, 2013, *inter alia*: (1) plaintiff's claims in the first action were *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) for lack of standing and failure to state a claim for relief; and (2) Mr. Casino's claims in the first action were *sua sponte* dismissed without prejudice on the basis that plaintiff, who is not an attorney, could not assert *pro se* claims on his behalf.

II. The Instant Complaint[3]

On or about October 28, 2013, plaintiff filed the instant complaint ("the second action") alleging:

> "(1) Unfair competition for family time with my husband (by this I mean they arrange to 'give care' by encroaching on visitation time rather than at other more reasonable scheduled time)[;] (2) Information about [Mr. Casino] which [he] [and] his family are reasonably entitled to receive from either 'proxy' or/and 'custodial agency' are not passed along to any of us family[;] (3) 'Law' 'guardian', 'nursing' 'home' owner/administrator, hospital, NY State Court are not always acting in best interest

---

[2] In her application to proceed *in forma pauperis* in this action, plaintiff identifies Mr. Rohl as the "owner/administrator" of Woodhaven. (Application to Proceed In Forma Pauperis ["IFP Applic."] at 1).

[3] All material allegations in the Complaint are assumed to be true for the purposes of this order, see, e.g. Rogers v. City of Troy, New York, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true), and do not constitute findings of fact by the Court.

of [Mr.] Casino or his family or according to all our wishes as stated by us[;] (4) 'Nursing' 'home' owner/administrator and 'law' 'guardian' Brian Cassidy have withheld [Mr. Casino's] goods [and] money from [him] durring [sic] his latest stay at Stony Brook Hospital (which he has medical need of for comfort [and] relief [and] abatement of some of his 'symptoms') -> (most importantly his radio [and] cellphone)[;] (5) (Most of the time) respect of [patient's] rights, human rights [and] civil rights is put aside in best interest of 'custodial' person [or] entity most obvious to patient by custodial person creating 'scene' in front of patient in patient['s] room."

(Compl. at 1-3). Plaintiff does not allege any injury or specify any relief sought in the complaint. However, in a letter filed on January 22, 2014, which the Court construes to be a supplement to the complaint, plaintiff seeks the following relief:

"an order to restrain all in control or in charge of 'giving care' of any kind from: (1) prematurely [and] deliberately causing an end of [Mr. Casino's] earthly life by comission [sic] or omission[;] (2) deliberately causing undue anguish by 'shabby etiquette' in delivery of alleged care which would so panic or depress [Mr. Casino] that he could be made sick by it. There is at least one specific [doctor] to speak of[;] (3) keep respect for [patient] right to practice religion [and] have visitors [and] unmolested [and] unharassed [sic] time with clergy daily[;] (4) staff [and] caregivers to show proper business etiquette toward respected clergy in [patient] rooms[;] [and] (5) restrain all from any criminal actions which would prevent appearance of myself on Feb[.] 7 at court[.]"

III. Discussion

    A. Subject Matter Jurisdiction

        1. Standard of Review

Federal courts are courts of limited jurisdiction, see Gunn v. Minton, — U.S. —, 133 S. Ct. 1059, 1064, 185 L. Ed. 2d 72 (2013); Mims v. Arrow Financial Services, LLC, — U.S. —, 132 S.Ct. 740, 747, 181 L. Ed. 2d 881 (2012), and may not preside over cases absent subject matter jurisdiction. See Exxon Mobil Corp. v. Allapattah Services, Inc., 545 U.S. 546, 552, 125 S.Ct. 2611, 162 L. Ed. 2d 502 (2005) (holding that federal courts may not exercise jurisdiction absent a statutory

basis); Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L. Ed. 2d 391 (1994) (holding that federal courts "possess only that power authorized by Constitution and statute * * *.") Lack of subject matter jurisdiction cannot be waived or forfeited and may be raised at any time by a party or by the court *sua sponte*. See Gonzalez v. Thaler, — U.S. —, 132 S.Ct. 641, 648, 181 L. Ed. 2d 619 (2012); see also Sebelius v. Auburn Regional Medical Center, — U.S. —, 133 S. Ct. 817, 824, 184 L. Ed. 2d 627 (2013) ("Objections to a tribunal's jurisdiction can be raised at any time, even by a party that once conceded the tribunal's subject-matter jurisdiction over the controversy."); Henderson ex rel. Henderson v. Shinseki, — U.S. —, 131 S. Ct. 1197, 1202, 179 L.Ed.2d 159 (2011) ("[F]ederal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore they must raise and decide jurisdictional questions that the parties either overlook or elect not to press. * * * Objections to subject-matter jurisdiction * * * may be raised at any time.") If a court lacks subject matter jurisdiction, it must dismiss the action. See Fed. R. Civ. P. 12(h)(3); Arbaugh v. Y & H Corp., 546 U.S. 500, 514, 126 S.Ct. 1235, 163 L.Ed.2d 1097 (2006); Durant, Nichols, Houston, Hodgson & Cortese-Costa, P.C. v. Dupont, 565 F.3d 56, 62-3 (2d Cir. 2009).

    2.    Eleventh Amendment Immunity

"A foundational premise of the federal system is that States, as sovereigns, are immune from suits for damages, save as they elect to waive that defense." Coleman v. Court of Appeals of Maryland, — U.S. —, 132 S. Ct. 1327, 1333, 182 L. Ed. 2d 296 (2012). Absent consent, the Eleventh Amendment to the United States Constitution bars suits in federal court by private parties against a State or one of its agencies. See Puerto Rico Aqueduct and Sewer Authority v. Metcalf &

Eddy, Inc., 506 U.S. 139, 144, 113 S. Ct. 684, 121 L.Ed.2d 605 (1993) ("Absent waiver, neither a State nor agencies acting under its control may be subject to suit in federal court." (quotations and citation omitted)); Pennhurst State School & Hospital v. Halderman, 465 U.S. 89, 100, 104 S. Ct. 900, 79 L. Ed. 2d 67 (1984) ("[I]n the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.") "Sovereign immunity principles enforce an important constitutional limitation on the power of the federal courts." Sossamon v. Texas, — U.S.—, 131 S. Ct. 1651, 1657, 179 L. Ed. 2d 700 (2011); see also Pennhurst State, 465 U.S. at 98, 104 S. Ct. 900 ("[T]he principle of sovereign immunity is a constitutional limitation on the federal judicial power established in Art. III[.]")

A State's consent to suit must be "unequivocally expressed," Pennhurst State, 465 U.S. at 99, 104 S. Ct. 900, and "may not be implied." Sossamon, — U.S.—, 131 S. Ct. at 1658. "Generally, [courts] will find a waiver either if the State voluntarily invokes [federal court] jurisdiction * * *, or else if the State makes a clear declaration that it intends to submit itself to [federal court] jurisdiction * * *." College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board, 527 U.S. 666, 675-76, 119 S. Ct. 2219, 144 L. Ed. 2d 605 (1999) (quotations and citations omitted); see also In re Charter Oak Associates, 361 F.3d 760, 767 (2d Cir. 2004) (accord).

Although the Eleventh Amendment generally does not bar suits against state officials acting in their official capacity seeking prospective relief, i.e., to enjoin conduct that violates the federal Constitution, see Ex parte Young, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 2d 714 (1908); Conyers v. Rossides, 558 F.3d 137, 150 (2d Cir. 2009), cert. denied by Conyers v. Pistole, 133 S. Ct. 329, 184 L. Ed. 2d 241 (2012), that exception to Eleventh Amendment immunity is inapplicable to suits against the States and their agencies, which are barred regardless of the relief sought. Puerto Rico

Aqueduct, 506 U.S. at 146, 113 S.Ct. 684; see also Pennhurst State, 465 U.S. at 100-01, 104 S. Ct. 900 (holding that the Eleventh Amendment's "jurisdictional bar applies [to claims against the State or one of its agencies or departments] regardless of the nature of the relief sought."); Palmer v. New York State Office of Court Administration, 526 Fed. Appx. 97, 99 (2d Cir. May 7, 2013) (summary order) (holding that the plaintiff was required to name a state official acting in his or her official capacity as a defendant "in order to attempt to avail herself of the exception to Eleventh Amendment immunity under Ex parte Young, 209 U.S. 123, 28 S. Ct. 441 * * *.")

Moreover, "[a]s an exception to this principle [of Eleventh Amendment sovereign immunity], Congress may abrogate the States' immunity from suit pursuant to its powers under Section 5 of the Fourteenth Amendment." Coleman, — U.S. —, 132 S. Ct. at 1333; see also United States v. Georgia, 546 U.S. 151, 154, 158-59, 126 S.Ct. 877, 163 L.Ed.2d 650 (2006). "Congress must make its intention to abrogate unmistakably clear in the language of the statute." Coleman, — U.S. —, 132 S. Ct. at 1333 (quotations, brackets and citation omitted); see also Nevada Department of Human Resources v. Hibbs, 538 U.S. 721, 726, 123 S. Ct. 1972, 155 L. Ed. 2d 953 (2003); Doe v. Pataki, 481 F.3d 69, 78 (2d Cir. 2007). "[I]t is well settled that 42 U.S.C. § 1983 does not constitute an exercise of [Congress's] authority [to abrogate States' sovereign immunity]." Dube v. State University of New York, 900 F.2d 587, 594 (2d Cir. 1990); see also Quern v. Jordan, 440 U.S. 332, 342, 99 S. Ct. 1139, 59 L. Ed. 2d 358 (1979) (holding that Section 1983 did not abrogate the States' Eleventh Amendment immunity).

Stony Brook University Medical Center is part of the State University of New York ("SUNY"). "For Eleventh Amendment purposes, SUNY is an integral part of the government of the State of New York and when it is sued the State is the real party." Dube, 900 F.2d at 594

(quotation marks, brackets and citation omitted); see also Garcia v. S.U.N.Y. Health Sciences Center of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001) (accord). Thus, absent any indication that Stony Brook University Medical Center has waived its sovereign immunity, plaintiff's claims against it, whether legal or equitable, are proscribed by the Eleventh Amendment. See, e.g. Gasparik v. Stony Brook University, 296 Fed. Appx. 151, 152 (2d Cir. Oct. 16, 2008) (summary order) (finding that the district court properly concluded that it lacked subject matter jurisdiction over the plaintiff's Section 1983 claims against Stony Brook University "because SUNY has not consented to be sued in a federal forum and so is immune from suit pursuant to the Eleventh Amendment."); Fariello v. Rodriguez, 148 F.R.D. 670, 681 (E.D.N.Y. 1993), aff'd, 22 F.3d 1090 (2d Cir. 1994) ("[T]he Stony Brook University Hospital is an entity of the State of New York and * * * under the provisions of the Eleventh Amendment to the Constitution, this action is barred in federal court."); Walters v. Suffolk County, No. 09-cv-0556, 2009 WL 1605415, at * 3 (E.D.N.Y. June 4, 2009) (dismissing Section 1983 claims against the State University of New York's Stony Brook Medical Center as barred by the Eleventh Amendment). Accordingly, plaintiff's claims against Stony Brook University Medical Center are dismissed pursuant to Rule 12(h) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction.

B.  28 U.S.C. § 1915

Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

It is axiomatic that district courts are required to read *pro se* complaints liberally, Erickson

v. Pardus, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976)); Hogan v. Fischer, 738 F.3d 509, 515 (2d Cir. 2013), and to construe them "'to raise the strongest arguments that they suggest." Gerstenbluth v. Credit Suisse Securities (USA) LLC, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." Harrington v. County of Suffolk, 607 F.3d 31, 33 (2d Cir. 2010); see also Ashcroft v. Iqbal 556 U.S. 662, 678-79, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974, 167 L. Ed. 2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson, 551 U.S. 89, 127 S. Ct. 2197 (quotations and citation omitted); see also Anderson News, LLC v. American Media, Inc., 680 F.3d 162, 182 (2d Cir. 2012), cert. denied by Curtis Circulation Co. v. Anderson News, LLC, --- U.S. ----, 133 S. Ct. 846, 184 L. Ed. 2d 655 (2013) (accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 556 U.S. at 678, 129 S. Ct. 1937 (quoting Twombly, 550 U.S. at 555, 127 S. Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S. Ct. 1955); see also Pension Benefit Guaranty Corp. ex rel. St. Vincent Catholic Medical Centers Retirement Plan v. Morgan Stanley Investment Management Inc., 712 F.3d 705, 717 (2d Cir. 2013)(accord). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." Ashcroft,

556 U.S. at 678, 129 S. Ct. 1937; see also In re Amaranth Natural Gas Commodities Litigation, 730 F.3d 170, 180 (2d Cir. 2013).

1.  Section 1983

Section 1983 of Tile 42 of the United States Code provides, in relevant part:

> "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ."

42 U.S.C. § 1983. "Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." Filarsky v. Delia, — U.S. —, 132 S. Ct. 1657, 1661, 182 L. Ed. 2d 662 (2012). Thus, to state a Section 1983 claim, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." Cornejo v. Bell, 592 F.3d 121, 127 (2d Cir. 2010) (quoting Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994)); see also Rehberg v. Paulk, --- U.S. ----, 132 S. Ct. 1497, 1501-02, 182 L. Ed. 2d 593 (2012).

Although Section 1983 liability may only be imposed upon wrongdoers "who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it," National Collegiate Athletic Association v. Tarkanian, 488 U.S. 179, 191, 109 S. Ct. 454, 102 L. Ed. 2d 469 (1988)(quotations and citation omitted); see also Hafer v. Melo, 502 U.S. 21, 28, 112 S. Ct. 358, 116 L. Ed. 2d 301 (1991) ("Congress enacted §1983 to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and

represent it in some capacity, whether they act in accordance with their authority or misuse it." (quotations and citations omitted)), "[a] private actor may be liable under § 1983 * * * if there is a sufficiently close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." Sykes v. Bank of America, 723 F.3d 399, 406 (2d Cir. 2013)(quotations, internal quotations and citations omitted); see also Fabrikant v. French, 691 F.3d 193, 206-07 (2d Cir. 2012) ("Conduct that is formally 'private' may become so entwined with governmental policies or so impregnated with a governmental character that it can be regarded as governmental action. * * * [T]here must be such a close nexus between the state and the challenged action that the state is responsible for the specific conduct of which the plaintiff complains." (quotations, alterations, emphasis and citations omitted)). "Anyone whose conduct is fairly attributable to the state can be sued as a state actor under § 1983." Filarsky, — U.S. —, 132 S. Ct. at 1661 (quotations and citation omitted); see also Fabrikant, 691 F.3d at 207 ("The fundamental question * * * is whether the private entity's challenged actions are 'fairly attributable' to the state." (quoting Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S. Ct. 2764, 73 L. Ed. 2d 418 (1982))). "Three main tests have emerged:

> For the purposes of section 1983, the actions of a nominally private entity are attributable to the state . . . (1) [when] the entity acts pursuant to the coercive power of the state or is controlled by the state ('the compulsion test'); (2) when the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity has been delegated a public function by the state ('the public function test')."

Fabrikant, 691 F.3d at 207 (quoting Sybalski v. Indep. Grp. Home Living Program, Inc., 546 F.3d 255, 257 (2d Cir. 2008) (alteration in original)).

Woodhaven, as a private nursing home, and Cassidy, as a court-appointed law guardian for

Mr. Casino[4], were not acting "under color of state law" for purposes of Section 1983 with respect to the conduct attributed to them in the complaint. See Parent v. New York, 786 F. Supp. 2d 516, 538 (N.D.N.Y. 2011), aff'd, 485 Fed. Appx. 500 (2d Cir. June 18, 2012), cert. denied, 133 S. Ct. 652, 184 L. Ed. 2d 460 (2012) ("[A]lthough appointed by the state, * * * [a] law guardian is not a state actor because he or she must exercise independent professional judgment on behalf of the clients they represent."); White v. St. Joseph's Hospital, 369 Fed. Appx. 225, 226 (2d Cir. Mar. 10, 2010) (summary order) ("[P]rivate actors and institutions, such as the * * * nursing home * * * are generally not proper Section 1983 defendants because they do not act under color of state law. * * * [T]he presence of state funding or regulation, in the absence of some concerted action with state officials, does not transform a private party's actions into state action."); Baum v. Northern Dutchess Hospital, 764 F. Supp. 2d 410, 430-33 (N.D.N.Y. 2011) (dismissing Section 1983 claims against private nursing home because it is not a state actor); Mitchell v. Home, 377 F. Supp. 2d 361, 370 (S.D.N.Y. 2005) (accord); Arena v. Department of Social Services of Nassau County, 216 F. Supp. 2d 146, 155 (E.D.N.Y. 2002) (dismissing Section 1983 claims against law guardian because he was not a state actor); Elmasri v. England, 111 F. Supp. 2d 212, 221 (E.D.N.Y. 2000) ("[G]uardians *ad litem*, although appointed by the court, exercise independent professional judgment in the interests of the clients they represent and are therefore not state actors for purposes of Section 1983.") Accordingly, plaintiff's Section 1983 claims against Woodhaven and Cassidy are dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) for failure to state a claim for relief.

---

[4] Cassidy is Mr. Casino's court-appointed Temporary Personal Needs Guardian pursuant to Article 81 of the Mental Hygiene Law. (Casino v. Fielding, et al., No. 13-CV-5095, Compl. at 14, Sept. 11, 2013, ECF No. 1).

### 2. Leave to Amend

Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that a party shall be given leave to amend "when justice so requires." Although, "when addressing a *pro se* complaint, a district court should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," Thompson v. Carter, 284 F.3d 411, 416 (2d Cir. 2002) (quotations and citation omitted); see also Grullon v. City of New Haven, 720 F.3d 133, 139-40 (2d Cir. 2013) (accord), leave to amend is not required where a proposed amendment would be futile. See Grullon, 720 F.3d at 140; Anderson News, 680 F.3d at 185. "[A] complaint amendment would be futile only if the amended complaint would not contain enough allegations of fact to state a claim for relief that is plausible on its face." MetLife Investors USA Ins. Co. v. Zeidman, 734 F. Supp. 2d 304, 311 (E.D.N.Y. 2010), aff'd, 442 Fed. Appx. 589 (2d Cir. Sept. 19, 2011) (quotations and citation omitted); see also Perfect Pearl Co., Inc. v. Majestic Pearl & Stone, Inc., 889 F. Supp. 2d 453, 459 (S.D.N.Y. 2012). Leave to amend may also properly be denied for: "'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, [and] undue prejudice to the opposing party by virtue of allowance of the amendment * * *.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (citing Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962)).

Since even a liberal reading of the complaint does not give any indication that plaintiff can state a plausible federal claim against Cassidy or Woodhaven, any amendment to the complaint to replead the Section 1983 claims against those defendants would be futile. Accordingly, plaintiff's Section 1983 claims against Cassidy and Woodhaven are dismissed with prejudice.

C.  Supplemental Jurisdiction

Although the dismissal of state law claims is not required when the federal claims in an action are dismissed, see Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 391-92, 118 S.Ct. 2047, 141 L.Ed.2d 364 (1998), a federal court may decline to exercise supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367(c)(3). See Carlsbad Technology, Inc. v. HIF Bio, Inc., 556 U.S. 635, 129 S.Ct. 1862, 1866-1867, 173 L.Ed.2d 843 (2009) (holding that a district court's decision whether to exercise supplemental jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary); Lundy v. Catholic Health System of Long Island Inc., 711 F.3d 106, 117 (2d Cir. 2013) ("The exercise of supplemental jurisdiction is within the sound discretion of the district court.") The court must "consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction" over the pendent state law claims. Carnegie-Mellon University v. Cohill, 484 U.S. 343, 350, n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); see also Lundy, 711 F.3d at 117-18 (accord). Generally, where all of the federal claims in an action are dismissed before trial, the balance of factors will favor declining to exercise supplemental jurisdiction over the remaining state law claims. See Cohill, 484 U.S. at 350 n. 7, 108 S.Ct. 614; Lundy, 711 F.3d at 118 ("Once all federal claims have been dismissed, the balance of factors will usually point toward a declination."); Brzak v. United Nations, 597 F.3d 107, 113-14 (2d Cir. 2010) ("[I]f a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well.")

In light of the dismissal of all federal claims in this action prior to service of summonses and the complaint upon defendants, and upon consideration of all relevant factors, i.e., judicial economy,

convenience, fairness and comity, I decline to exercise supplemental jurisdiction over any remaining state law claims in this action. Accordingly, to the extent the complaint asserts any state law claims, those claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). Plaintiff is advised that pursuant to 28 U.S.C. § 1367(d), the statute of limitations for any state law claims, to the extent those claims were timely filed in this Court, is tolled for a period of **thirty (30) days after the date of this order**, unless a longer tolling period is otherwise provided under state law.

III.    Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted; plaintiff's claims against Stony Brook University Medical Center are *sua sponte* dismissed in their entirety pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure for lack of subject matter jurisdiction; plaintiff's Section 1983 claims against Woodhaven and Cassidy are *sua sponte* dismissed in their entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for relief; and any state law claims are dismissed without prejudice pursuant to 28 U.S.C. § 1367(c)(3). The Clerk of the Court shall close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon all parties.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45, 82 S.Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.                                         s/ Sandra J. Feuerstein

                                                    Sandra J. Feuerstein
                                                    United States District Judge

Dated: January 27, 2014
       Central Islip, New York